**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03902-NYW

JUAN LUX-TZOY,

Petitioner,

v.

JUAN BALTAZAR,
MARKWAYNE MULLIN,
DAVID VENTURELLA,[1]

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents filed a consolidated Response to the Petition on September 16, 2026, stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 10]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

**BACKGROUND**

Petitioner Juan Lux-Tzoy ("Petitioner" or "Mr. Lux-Tzoy") is a citizen of Guatemala who entered the United States on or about November 2020 without inspection. [Doc. 1 at ¶ 1]. Mr. Lux-Tzoy has a pending application for asylum and withholding of removal. [*Id.*]. On July 13, 2026, he was arrested by local law enforcement and charged with domestic violence; it is unclear if this case remains pending. [*Id.* at ¶ 2]. That same day,

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David Venturella is automatically substituted for Lance Schroyer as a Respondent in his official capacity as the Acting Director of ICE.

Mr. Lux-Tzoy was also arrested by ICE and detained at the ICE detention facility in Aurora, Colorado. [*Id.* at ¶ 3]. Petitioner alleges that when he was arrested by ICE, he received no warrant or explanation as to why he was being detained. [*Id.* at ¶¶ 5–6]. Instead, hours later, once Mr. Lux-Tzoy was already inside the Aurora ICE detention facility, ICE gave Mr. Lux-Tzoy a warrant. [*Id.*]. But Petitioner alleges that warrant was improperly signed by the arresting officer rather than "authorized officer." [*Id.*; *see also id.* at 11]. Mr. Lux-Tzoy brings three claims: first, that his detention violates *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209 (D. Colo. 2025), the Immigration and Nationality Act ("INA"), and the INA's implementing regulations; second, that his arrest warrant is improperly signed by a deportation officer rather than an authorized immigration officer; and third, that his arrest warrant was not provided to him at the time of arrest. [*Id.* at 5]. He argues that because of these issues, his detention violates his due process rights under the Fifth Amendment. [*Id.* at ¶¶ 12–14]. He requests that the Court order Respondents to immediately release him from custody. [*Id.* at 9].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a

person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a). *See* [Doc. 1 at ¶ 8; Doc. 10 at 1 (Respondents conceding that they "are not submitting a brief in opposition to the Petition" and therefore not disputing Petitioner's assertion that § 1226(a) governs his detention)]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions

giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear ("NTA"). *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026). At least one court has held that respondents failed to show an arrest warrant preceded a petitioner's arrest when it was dated the same date of the petitioner's arrest but was served at an ICE detention center shortly after the petitioner was detained. *Juan J.M.E. v. Easterwood*, No. 26-cv-02270-KMM-EMB, 2026 WL 1746672, at *3–4 (D. Minn. Jun 8, 2026) (holding that where an arrest warrant was served on a noncitizen shortly after, the noncitizen was brought to a detention facility, "Respondents arrested [the petitioner] before obtaining the Form I-200 administrative warrant" and therefore the petitioner "was not legally arrested under § 1226(a)"), *recommendation adopted,* 2026 WL 1747756 (D. Minn. June 17, 2026); *see also Ramirez Ovando,* 810 F. Supp.3d at 1226 (rejecting argument "that an I-200 warrant issued either

*after* or *concurrent* with an arrest without an assessment of individual flight risk transforms an unlawful warrantless arrest into a lawful, warranted one." (citations omitted)).

Without a warrant, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[2] Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

The record before this Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner. The Petition alleges that at the time of arrest, Petitioner "never was notified with the reasons of [his] detention"

---

[2] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

and "ICE never provid[ed] [him] with a Warrant of [his] Arrest" until "it was made hours later . . . when [he] already was inside the facility of GEO Aurora Detention Center." [Doc. 1 at ¶ 5]. Respondents do not address this issue at all in their Response, *see* [Doc. 10], and it is unclear whether the warrant was issued prior to Mr. Lux-Tzoy's arrest and simply not provided at the time, or whether the warrant was obtained after Mr. Lux-Tzoy's arrest. Respondents also do not provide any argument or set forth any evidence indicating that Petitioner's arrest without a warrant was proper under § 1357(a). Nor do Respondents address Mr. Lux-Tzoy's contentions that the warrant even when issued was flawed. They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))). Nor is there any evidence in the record that Mr. Lux-Tzoy was ever provided with a notice to appear, as required under the regulations. *See generally* [Doc. 1].

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. §§ 1226(a) and 1357(a) when arresting and detaining Petitioner. The Petition is therefore respectfully **GRANTED** as to Petitioner's third claim, that he was improperly arrested and detained without a warrant. The Court will order Petitioner released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3). Having granted Mr. Lux-Tzoy his requested relief, the Court need not reach his other claims.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Petitioner's Motion to Make a Determinative Decision [Doc. 13] is **DENIED as moot**;

(3) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(4) On or before **October 23, 2026**, Respondents **SHALL FILE** a status report confirming that Petitioner was released.

DATED: October 16, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge